**In re JACOBY–BENDER, INC., Debtor.**

**Bankruptcy No. 882–81292–20.**

United States Bankruptcy Court,
E.D. New York
at Westbury.

Oct. 24, 1983.

Levin, Weintraub & Crames by Elias Mann, New York City, for debtor.

Arnold Fox, Corp. Counsel of the City of N.Y., New York City, James Morris, State of N.Y., Dept. of Taxation and Finance, Albany, N.Y., Paul Milbauer, Asst. Atty. Gen. of the State of N.Y., New York City.

## MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This is a motion brought on by the debtor for an order compelling the State of New York and the City of New York to accept for filing a deed from a purchaser of real property from the debtor, without the prepayment of certain taxes. The debtor so moves this Court pursuant to section 1146(c) of the Bankruptcy Code, which states:

> The issuance, transfer, or exchange of a security, or the making or delivery of an instrument of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any State or local law imposing a stamp tax or similar tax.

11 U.S.C. § 1146(c) (Supp. IV 1980). The taxes involved are all required to be paid before the deed will be accepted for recordation, and include a capital gains tax by the State of New York (N.Y.S. Capital Gains Tax), a recordation tax by the State of New York of .4% of the consideration given for the property (N.Y.S. Recordation Tax), and a recordation tax by the City of New York of 2% of the consideration (N.Y.C. Recordation Tax).

The debtor is presently negotiating the sale of a building for approximately $2.2 million. The parties evidently agree that outside of chapter 11 the debtor would be liable for approximately $110,000 N.Y.S. Capital Gains Tax, $8,800 N.Y.S. Recordation Tax, and $44,000 N.Y.C. Recordation Tax. The debtor's proposed plan of reorganization provides that the plan will be implemented through the sale of the building, with payments under the plan to originate primarily out of the proceeds from the sale of the building.

At the hearing on this motion, the debtor's attorney, Mr. Elias Mann, presented a proposed order which provided that the City of New York and the State of New York would accept the deed for recordation without the prepayment of the three taxes. The proposed order, however, did not provide that the debtor would be exempt from the taxes, but that the City and the State would be free to file claims with the validity of those claims to be determined at a later time. Mr. Mann represented that the State had consented to the order. The order contains the purported signature of Paul Milbauer, an Assistant Attorney General of the State of New York. Mr. Mann also represented that the State was concerned with the employment related ramifi-

cations of interfering with the debtor's attempts to reorganize.

The City on the other hand, which was represented by Mr. Arnold Fox, an attorney with the Corporation Counsel of the City of New York, was more interested in receiving its recordation taxes up front, than with any long-term ramifications of requiring prepayment. The City opposed the proposed order because it feared its interests would not be adequately protected by filing a claim, even though the debtor's plan provided for the payment of administrative expenses in full.

■ In his Affidavit in Opposition to the debtor's Motion, and at the hearing, Mr. Fox raised several arguments against the proposed tax exemption. First, the City argued that section 1146(c) does not apply to the recordation of a conveyance of real property. This reading of the statutory language, however, is supported neither by the plain meaning of the language nor by the statute's legislative history. The statute exempts from the tax "the making or delivery of an instrument of transfer." 11 U.S.C. § 1146(c). Certainly a deed is an instrument of transfer. See 11 U.S.C. § 101(40) ("transfer means every mode . . . of disposing or parting with property . . . ."). Furthermore, one of the precursors of § 1146(c) provided that certain federal taxes would not apply to "the issuance, transfers, or exchanges of securities or *making or delivery of conveyances . . . ."* Bankruptcy Act of July 1, 1898, ch. 541, 30 Stat. 544 (§ 77B(f), as added by the Act of June 7, 1934) (emphasis added); see 6A *Collier on Bankruptcy,* ¶ 15.08 at 836 (14th ed. 1977).

■ The City's next argument, however, is more compelling. Mr. Fox argued that section 1146(c) was inapplicable to the instant case because the section exempts from taxation only transfer "under a plan confirmed under section 1129," and the debtor's plan has not yet been confirmed. Mr. Fox adds that the proposed plan does not provide for any transfer of a deed to the property. Mr. Fox characterizes the contemplated sale of the property and the proposed transfer of the deed to it as "mere preliminary steps" to the debtor obtaining funds.

In his reply affidavit, and in oral argument on the motion, Mr. Mann took issue with Mr. Fox's characterization of the contemplated sale's relationship to the proposed plan. The Court agrees with Mr. Mann, that if this sale were to take place after the proposed plan was confirmed, the sale and subsequent transfer of deed, would take place "under a plan confirmed . . . ." It is clear from the proposed plan that its consummation depends almost entirely upon the sale of the building. It is immaterial that the plan itself does not provide for the transfer of the deed.

Nevertheless, the Court must deny the motion at this time, since it is impossible to ascertain whether the transfer will take place under a confirmed plan, as the Court has not yet had the opportunity to pass upon that matter. The plain language of section 1146(c) provides that the exemption applies to a sale occurring under a *confirmed* plan. Congress was well aware that many chapter 11 debtors would fail in their efforts to gain confirmations of reorganization plans. See 11 U.S.C. § 1325 (setting forth six standards for confirmation). It would be difficult to believe that Congress would allow a debtor the advantage of such an exemption merely upon its filing and formation of a plan that provided for a sale or transfer of property. Although the contemplated sale in the instant case may go well beyond mere preparatory steps, it is not exempt from taxation under section 1146(c) prior to confirmation of the plan. See 6A *Colliers on Bankruptcy,* ¶ 15.08 at 840 (14th ed. 1977) (The direct precursor of § 1146(c), § 267 of Chapter X, does not extend any exemption to transactions which occur prior to confirmation). Therefore, the motion is denied without prejudice to the debtor to renew its motion, if necessary, at the appropriate time.

The State of New York made no appearance and submitted no papers because it consented to the debtor's proposed order. Therefore, the Court makes no determina-

tion as to the applicability of section 1146(c) to the N.Y.S. Capital Gains Tax and the N.Y.S. Recordation Tax.

So Ordered.